UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JAMES L. PARKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 3:07-CV-267 |
| | ) | |
| R.J. BOWLING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF OPINION AND ORDER

This matter is before the court on the Motion to Dismiss filed by defendants the State of Indiana ("the State"), Bernard Carter ("Carter"), and R.J. Bowling ("Bowling") on September 7, 2007. The plaintiff, James L. Parkey ("Parkey") filed a brief in opposition to the motion on December 26, 2007. The movants indicated to the court that they did not intend to file a reply brief. The original presiding judge, the Hon. Joseph Van Bokkelen, issued an Order of Recusal on February 7, 2008 (Docket at 44) and this case was reassigned to the undersigned. As a result of that reassignment, and the fact that no reply brief will be filed, the Motion to Dismiss is ripe for resolution. For the reasons discussed in this Order, the Motion to Dismiss is GRANTED. Plaintiff's claims against the State of Indiana, Bernard Carter and R.J. Bowling are DISMISSED. This case remains pending against defendants Jason E. Sample, Lake County, Indiana, and the Drug Enforcement Administration.

## BACKGROUND

Parkey initiated this action by filing a Complaint *pro se* on June 5, 2007. Docket at 1. On July 9, 2007, Parkey filed an Amended Complaint. Docket at 5. In his Amended Complaint, Parkey names the following individuals and entities as defendants: 1) the State of Indiana; 2)

Jason E. Sample, an Indiana State Trooper; 3) Bernard Carter, a prosecutor in Lake County, Indiana; 4) R.J. Bowling, a Magistrate Judge in the Lake County Superior Court; 5) the United States Drug Enforcement Administration; and 6) Lake County, Indiana.  Amended Complaint, pp. 2-3.[1]  Only the State, Carter and Bowling joined in the present motion to dismiss.  Motion to Dismiss, Docket at 18.[2]  Parkey alleges in his Amended Complaint that he was the victim of an illegal search and seizure on June 6, 2005.  Amended Complaint, pp. 2-3.  He claims that on that date, law enforcement officers, armed with a warrant, searched his home and seized certain items that then formed the basis for the filing of criminal drug charges against Parkey.  *Id*.  While Parkey admits that the officers did have a warrant to search his home, he claims that it was obtained based on "groundless and misleading information" supplied by Sample, the Indiana State Trooper (who is the individual who signed the Search Warrant Affidavit).  *Id*., p. 2 (and Exhibit 1 thereto).  Parkey alleges that his "right to protection of the Fourth Amendment from illegal search and seizure was wontanly [sic] violated."  *Id*.  Parkey claims that all six of the named defendants played some role in contributing to the alleged deprivation of rights he suffered.  *Id*., pp. 2-3.  He asserts, for example, that the State is liable to him since "defendants Sample . . . and Bowling . . . were employed by the State of Indiana and were agents thereof

---

[1] The only apparent difference between the original Complaint and the Amended Complaint is that Parkey added Lake County, Indiana, as a defendant in the amended pleading. Amended Complaint, p. 3.

[2] Not all of the named defendants have responded to Parkey's Amended Complaint, even though counsel has appeared for each of them.  The State of Indiana, Carter and Bowling responded by way of the present Motion to Dismiss.  Sample filed an Answer on September 24, 2007.  Docket at 25.  The D.E.A., which was served with an alias summons on or about December 21, 2007, sought and was granted an extension of time to April 19, 2008, in which to file its Answer.  Defendant Lake County has not filed any responsive pleading as of the date this Order was entered.

when Sample obtained a signed Search Warrant from Bowling thereby enabling him to illegally raid my home on June 6, 2005." *Id.*, p. 2.  He asserts that "Sample . . . willfully and wontanly [sic] mislead [sic] Judge-Magistrate Bowling . . . in his . . . sworn Affidavit . . ." and that Bowling, in turn, "illegally issued the Search Warrant . . . based on groundless and misleading information . . . ." *Id*.  As to Carter, Parkey alleges that he "illegally prosecuted plaintiff because of illegally seized alleged contraband[.]" *Id*.  Based on these allegations, Parkey brought this action pursuant to 42 U.S.C. § 1983.  He seeks compensatory damages "as a result of the illegal June 6, 2005, raid on plaintiff's home and subsequent arrest." *Id*.

## STANDARD OF REVIEW

As stated above, Parkey is proceeding *pro se*.  The standard employed by the courts when examining *pro se* pleadings was explained recently in *Fields v. Roswarski*, 2008 WL 150657 *1 (N.D. Ind., January 11, 2008):

> When reviewing *pro se* complaints, a court must employ standards less stringent than if the complaint had been drafted by counsel.  *Haines v. Kerner,* 404 U.S. 519 (1972).  A court must accept the well-pleaded factual allegations as true, and "construe such allegations in favor of the plaintiff."  *Roots Partnership v. Lands' End, Inc.,* 965 F.2d 1411, 1416 (7th Cir. 1992).  Although ambiguities in the complaint should be interpreted in the plaintiff's favor, *Canedy v. Boardman,* 16 F.3d 183, 188 (7th Cir. 1994), a court need not strain to find inferences favorable to the plaintiff which are not apparent on the face of the complaint, *Coates v. Illinois State Bd. of Educ.,* 559 F.2d 445, 447 (7th Cir. 1977), or ignore factual allegations set forth in the complaint that undermine the plaintiff's claim.  *City Nat'l Bank of Florida v. Checkers, Simon & Rosner,* 32 F.3d 277, 281 (7th Cir. 1994).

Based on the facts recited in Parkey's Amended Complaint, he is claiming that his Fourth Amendment right to be free of unreasonable search and seizure was violated, and the defendants

3

are to blame.[3]  Even if the court assumes that all of the facts recited by Parkey are true and correct, the claims he asserts against the State, Bowling and Carter cannot survive their motion to dismiss.

The defendants have moved to dismiss Parkey's claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).  The State asserts the defense of sovereign immunity, which presents a bar to Parkey's claims against it due to a lack of subject matter jurisdiction.  This defense falls under the auspices of Rule 12(b)(1).  The state also asserts, correctly, that it is not a "person" for purposes of an action brought under 42 U.S.C. § 1983.  Carter and Bowling assert the defense of absolute immunity.  These defenses fall under Rule 12(b)(6).

Rule 12(b)(1) provides that a case shall be dismissed if the court lacks the statutory authority to hear and decide the dispute.  Fed.R.Civ.P. 12(b)(1).  In reviewing a Rule 12(b)(1) motion to dismiss, the court may look beyond the complaint and review any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists.  *United Transp. Union v. Gateway Western R.R. Co.,* 78 F.3d 1208, 1210 (7th Cir. 1996).  When a defendant moves for dismissal pursuant to 12(b)(1), the plaintiff bears the heavy burden of demonstrating that the court has subject matter jurisdiction.  *Rogers v. Sugar Tree Prod.,* 7 F.3d 577, 581 (7th Cir. 1993); *Grafon Corp. v. Hausermann,* 602 F.2d 781, 783 (7th Cir. 1979).

---

[3] A liberal interpretation of Parkey's claims could indicate that he is alleging a Fourteenth Amendment substantive due process claim rather than, or perhaps in addition to, a Fourth Amendment claim.  While he clearly complains about what he feels was an illegal search and seizure at his home (and, it can be inferred, an illegal seizure of his person when he was arrested), he also complains that he was wrongfully and maliciously prosecuted in a state criminal proceeding.  But this makes no difference in the court's analysis of the defendants' motion to dismiss, since the defenses they raise in their motion are valid under either scenario.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is appropriate if the complaint fails to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). In assessing the propriety of dismissal under Rule 12(b)(6), the court must accept all well-pleaded factual allegations in the complaint and the inferences reasonably drawn from them as true and in the light most favorable to the plaintiff. *Johnson v. Rivera,* 272 F.3d 519, 520 (7th Cir. 2001). The court need not "ignore any facts set forth in the complaint that undermine the plaintiff's claim," nor must the court give "any weight to unsupported conclusions of law." *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 452 (7th Cir. 1998) (quoting *R.J.R. Services, Inc. v. Aetna Casualty & Surety Co.,* 895 F.2d 279, 281 (7th Cir. 1989)); *see Hickey v. O'Bannon,* 287 F.3d 656, 658 (7th Cir. 2002).

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

## DISCUSSION

**1. Motion to Dismiss–State of Indiana.**

The State argues in its motion that Parkey's claims against it must be dismissed, pursuant to Rule 12(b)(1), because those claims do not invoke the subject matter jurisdiction of this court. Brief in Support of Motion to Dismiss ("Defendants' Brief"), Docket at 19, p. 2. In addition, the State argues that it "is not a 'person' for purposes of 42 U.S.C. § 1983," and therefore Parkey

5

fails to state a claim against the State upon which relief may be granted.

In support of its first argument, the State points out that it is entitled to sovereign immunity from Parkey's action pursuant to the Eleventh Amendment. Defendants' Brief, p. 4 (citing *Gorka by Gorka v. Sullivan*, 82 F.3d 772 (7th Cir. 1996)) (the sovereign immunity doctrine found in the Eleventh Amendment acts as a jurisdictional bar to suit in federal court). The doctrine of sovereign immunity, as the State also points out, "limits the original subject matter jurisdiction of the federal courts." *Id*. (citing *Gossmeyer v. McDonald*, 128 F.3d 481 (7th Cir. 1997)).

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Pursuant to the Eleventh Amendment, each state is a sovereign entity and may not be sued by an individual citizen absent the state's consent to such suit. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). The Eleventh Amendment prohibits lawsuits against a state or a state agency in federal court. *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 100 (1993). A state is amenable to suit in federal court only if it has expressly waived its sovereign immunity, either by legislative act or by express waiver in a particular action. *Seminole Tribe of Florida*, 517 U.S. at 55. In the present case, the State argues that it "has not consented to this suit, nor has it waived immunity. Additionally, Congress has not abrogated the State's sovereign immunity. As such this Court lacks jurisdiction to entertain the Plaintiff's claim against the State. Moreover, because of this immunity the Plaintiff has failed to state a claim [against the State]." Defendants' Brief, p. 5. The State's arguments are

based on a correct statement of well-established law and Parkey's claims against it must be dismissed.

The State is also correct in arguing that it is not a "person" for purposes of a suit brought under 42 U.S.C. § 1983 and that Parkey's claims against it must be dismissed for that reason. Defendants' Brief, p. 4 (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989)) ("neither states nor their agencies are 'persons' under Section 1983"); *see also, State of Ill. v. City of Chicago*, 137 F.3d 474, 477 (7th Cir. 1998) (state is not a "person" for purposes of § 1983 "and therefore can be neither plaintiff nor defendant in a § 1983 case."). For both of these reasons, Parkey's claims against the State must be dismissed.

**2. Motion to Dismiss–R.J. Bowling.**

Defendant R. J. Bowling, the State Magistrate Judge who issued the warrant to search Parkey's home, seeks dismissal of this action against him based on absolute immunity. Defendants' Brief, p. 6 (citing *Pierson v. Ray*, 386 U.S. 547, 555-56 (1976)). As Bowling points out, "[j]udicial officers are afforded an absolute immunity for acts taken by them within their judicial roles against claims seeking money damages, and this immunity applies in the context of a Section 1983 action." *Id*. Bowling also points out that "[t]his immunity . . . applies even when a judge is alleged to have acted maliciously or in corrupt manner." *Id*. (citing *Pierson*). Bowling argues that "[i]t is a judicial function to issue a search warrant for evidence of a crime." *Id*. (citing *Moran v. State*, 644 N.E.2d 536, 541 (Ind. 1994)). As the Seventh Circuit has explained:

> The doctrine of judicial immunity has been embraced "for centuries." *Lowe v. Letsinger,* 772 F.2d 308, 311 (7th Cir. 1985). It confers complete immunity from suit, not just a mere defense to liability, and "is applicable in suits under section 1983 because the 'legislative record [gave] no clear indication that Congress meant to abolish wholesale all common-law immunities.'" *Dellenbach v. Letsinger,* 889 F.2d 755, 758 (7th Cir. 1989) (quoting *Pierson v. Ray,* 386 U.S.

7

>547, 554 (1967)).  Judicial immunity extends to acts performed by the judge "in
>the judge's judicial capacity."  *Dellenbach,* 889 F.2d at 759.

*Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005).  Accordingly, Bowling's argument is correct and he is entitled to absolute immunity from Parkey's claims.

### 3.  Motion to Dismiss–Bernard Carter.

Carter, the Lake County Prosecutor who prosecuted Parkey in the state criminal case that underlies this action, also asserts that he is entitled to absolute immunity.  *Id*., pp. 6-7.  Carter argues that he "is absolutely immune from civil suit based upon performance of a prosecutorial function such as initiating criminal charges, pursuing prosecution of a matter, and presenting the state's case."  *Id*., p. 7 (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)).[4]  Carter also points out that the doctrine of prosecutorial immunity applies "even where a prosecutor is alleged to have acted in bad faith, violated a constitutional right of the defendant, or presented false testimony evidence against the defendant."  *Id*. (citing *Imbler*).  Finally, Carter adds that "[t]his absolute immunity encompasses both federal and state causes of action."  *Id*. (citing *Foster v. Pearcy*, 387 N.E.2d 446, 449 (Ind. 1979)).  Carter's argument, like Bowling's, is correct and he is also entitled to absolute immunity from Parkey's claims.

In his response in opposition to the motion to dismiss, Parkey argues that "because of the large amount of damages involved in this lawsuit, the State of Indiana should not be dismissed from this action."  Brief in Opposition to Defendants R.J. Bowling's and the State of Indiana's Motion to Dismiss ("Plaintiff's Brief"), p. 1.  Parkey also argues that because defendant Sample

---

[4] *See also, Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993) ("prosecutors are entitled to absolute immunity for actions taken as an advocate for the State."); *Smith v. Power,* 346 F.3d 740, 742 (7th Cir. 2003) (same).

8

was employed by the State and was "an agent thereof," the State's motion to dismiss should be denied.  Parkey states that "[i]t is the state's duty to properly train and educate its law enforcement personnel concerning due process, integrety [sic], and the State and Federal Constitutional rights of it's [sic] citizens.  A duty, which in the case of Defendant, Sample, was breached." *Id*.  Finally, Parkey states that "the Federal and State Rules of Civil Procedures [sic] clearly state that in a matter with such large damages as are Plaintiff's the lawsuit must be filed in U.S. District Court." *Id*., p. 2.

The fact that Parkey seeks a "large amount of damages" from the State is irrelevant in light of the State's arguments that it is entitled to Eleventh Amendment protection from this action and its argument that it is not a "person" for purposes of actions brought under 42 U.S.C. § 1983.  Furthermore, the fact that defendant Jason Sample was employed by the State at the time of the events giving rise to this suit is also insufficient to overcome the State's defenses.  Finally, contrary to Parkey's assertion, there is no rule of civil procedure–state or federal–to support his contention that this case had to be filed in federal court as he alleges.

As to defendant Bowling, Parkey argues that "had Defendant Bowling been more discreet in issueing [sic] the June 5th, 2005 Search Warrant the incidents at issue in this lawsuit would not have taken place." *Id*., p. 1.  This argument is simply a rephrasing of the allegations Parkey makes against Bowling in his Amended Complaint, i.e., that Bowling issued a search warrant either in error or out of some nefarious intent.  But as the court has already explained, regardless of the circumstances that caused Judge Bowling to issue the warrant, he is entitled to absolute immunity from suit for having done so.

9

Finally, Parkey's response to Carter's arguments for dismissal is vague at best. Parkey states in his brief that he "does not address the issue of whether Defendant, Bernard Carter, should be dismissed from this case, as his counsel moves that the Court do in his Motion to Dismiss." *Id*. It is not clear if Parkey is conceding the motion with respect to Carter or if he feels that no response is necessary for some reason. Regardless, Carter's arguments in the motion to dismiss are well taken for the reasons discussed above.

## CONCLUSION

For the reasons set forth in this Order, the Motion to Dismiss filed by the State of Indiana, R.J. Bowling, and Bernard Carter is GRANTED as to those three defendants. This case remains pending as to defendants Jason E. Sample, Lake County, Indiana, and the Drug Enforcement Administration.

Date: March 11, 2008.

    /s/   William C. Lee
       William C. Lee, Judge
       United States District Court
       Northern District of Indiana