UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JAMES L. PARKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 3:07-CV-267 |
| | ) | |
| R.J. BOWLING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF OPINION AND ORDER**

This matter is before the court for resolution of several pending motions.  Defendant the

Drug Enforcement Administration (the "DEA") filed a Motion to Dismiss on March 14, 2008.

Docket at 49.  Defendant Lake County (Indiana) ("Lake County") filed a Motion to Dismiss on

March 25, 2008.  Docket at 53.  Plaintiff James Parkey ("Parkey") filed a response in opposition

to the DEA's motion on March 31, 2008.  Docket at 58.  Parkey did not file a response to Lake

County's motion to dismiss.[1]  The DEA filed a reply brief on April 18, 2008.  Docket at 62.  On

May 2, 2008, the DEA filed a motion to stay discovery.  Docket at 63.  On May 6, 2008, Parkey

filed a Motion for Leave to File Second Amended Complaint.  Docket at 64.  The DEA and

defendant Jason Sample ("Sample") (who has not joined in either of the pending motions to

dismiss) both filed briefs in opposition to Parkey's motion to amend on May 9, 2008.  Docket at

65 and 66, respectively.

---

[1] Parkey either failed to, or decided not to, file a response to Lake County's motion to
dismiss notwithstanding the fact that the court gave him notice of the County's motion pursuant
to *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982) and *Timms v. Frank*, 953 F.2d 281 (7th Cir.),
*cert. denied*, 504 U.S. 957 (1992).  Docket at 56.  (The DEA likewise provided Parkey with a
*Lewis v. Faulkner* notice of its own motion to dismiss. Docket at 51.)

For the reasons set forth in this Opinion and Order, the Motion to Dismiss filed by the

DEA is GRANTED; the Motion to Dismiss filed by Lake County is GRANTED; the Motion to

Stay Discovery filed by the DEA is MOOT; and the Motion for Leave to File Second Amended

Complaint filed by Parkey is GRANTED in part and DENIED in part.  The Clerk of the Court is

directed to docket Parkey's Second Amended Complaint.  This case remains pending against

defendant Jason Sample only on Parkey's claim of a Fourth Amendment violation and his State

law claim for libel.

## I.  BACKGROUND

Parkey initiated this action by filing a Complaint *pro se* on June 5, 2007.  Docket at 1.

On July 9, 2007, Parkey filed an Amended Complaint.  Docket at 5.[2]  In his Amended

Complaint, Parkey named the following individuals and entities as defendants: 1) the State of

Indiana; 2) Jason E. Sample, an Indiana State Trooper; 3) Bernard Carter, a prosecutor in Lake

County, Indiana; 4) R.J. Bowling, a Magistrate Judge in the Lake County Superior Court; 5) the

United States Drug Enforcement Administration; and 6) Lake County, Indiana.  Amended

Complaint, pp. 2-3.[3]  Parkey alleges in his Amended Complaint that he was the victim of an

illegal search and seizure on June 6, 2005.  Amended Complaint, pp. 2-3.  He claims that on that

date, law enforcement officers, armed with a warrant, searched his home and seized certain items

that then formed the basis for the filing of criminal drug charges against Parkey.  *Id.*  While

---

[2]  The only apparent difference between the original Complaint and the First Amended
Complaint is that Parkey added Lake County, Indiana, as a defendant in the amended pleading.
Amended Complaint, p. 3.

[3]  This court issued an Opinion and Order on March 11, 2008, in which the court granted
motions to dismiss filed by defendants R.J. Bowling, Bernard Carter, and the State of Indiana.
Accordingly, those defendants are no longer parties to this action.

Parkey admits that the officers did have a warrant to search his home, he claims that it was

obtained based on "groundless and misleading information" supplied by Sample, the Indiana

State Trooper (who is the individual who signed the Search Warrant Affidavit).  *Id*., p. 2 (and

Exhibit 1 thereto).  Parkey alleges that his "right to protection of the Fourth Amendment from

illegal search and seizure was wontanly [sic] violated."  *Id*.  Parkey claims that all six of the

named defendants played some role in contributing to the alleged deprivation of rights he

suffered.  *Id*., pp. 2-3.  He asserts, for example, that the State is liable to him since "defendants

Sample . . . and Bowling . . . were employed by the State of Indiana and were agents thereof

when Sample obtained a signed Search Warrant from Bowling thereby enabling him to illegally

raid my home on June 6, 2005."  *Id*., p. 2.  He asserts that "Sample . . . willfully and wontanly

[sic] mislead [sic] Judge-Magistrate Bowling . . . in his . . . sworn Affidavit . . ." and that

Bowling, in turn, "illegally issued the Search Warrant . . . based on groundless and misleading

information . . . ."  *Id*.  As to Carter, Parkey alleges that he "illegally prosecuted plaintiff because

of illegally seized alleged contraband[.]" *Id*.  As to the DEA, Parkey alleges that the federal

agency "illegally seized plaintiff's UPS shipping records on or about October 18, 2003, and then

illegally forwarded the information to the Indiana State Police, thereby causing plaintiff's home

to be illegally raided on June 6, 2005 . . . ."  Amended Complaint, p. 4.   As to Lake County,

Parkey alleges that the county is somehow liable because "Defendant Carter . . . was employed

by, and an agent of Lake County Indiana when he illegally prosecuted plaintiff . . . ."  *Id*.

      Based on these allegations, Parkey brought this action pursuant to 42 U.S.C. § 1983.  He

seeks compensatory damages "as a result of the illegal June 6, 2005, raid on plaintiff's home and

subsequent arrest."  *Id*.

## II.  STANDARD OF REVIEW

As stated above, Parkey is proceeding *pro se*.  The standard employed by the courts when

examining *pro se* pleadings was explained recently in *Fields v. Roswarski*, 2008 WL 150657 *1

(N.D. Ind., January 11, 2008):

> When reviewing *pro se* complaints, a court must employ standards less stringent
> than if the complaint had been drafted by counsel.  *Haines v. Kerner,* 404 U.S.
> 519 (1972).  A court must accept the well-pleaded factual allegations as true, and
> "construe such allegations in favor of the plaintiff."  *Roots Partnership v. Lands'
> End, Inc.,* 965 F.2d 1411, 1416 (7th Cir. 1992).  Although ambiguities in the
> complaint should be interpreted in the plaintiff's favor, *Canedy v. Boardman,* 16
> F.3d 183, 188 (7th Cir. 1994), a court need not strain to find inferences favorable
> to the plaintiff which are not apparent on the face of the complaint, *Coates v.
> Illinois State Bd. of Educ.,* 559 F.2d 445, 447 (7th Cir. 1977), or ignore factual
> allegations set forth in the complaint that undermine the plaintiff's claim.  *City
> Nat'l Bank of Florida v. Checkers, Simon & Rosner,* 32 F.3d 277, 281 (7th Cir.
> 1994).

Based on the facts recited in Parkey's Amended Complaint, he is claiming that his Fourth

Amendment right to be free of unreasonable search and seizure was violated, and the defendants

are to blame.[4]  Even if the court assumes that all of the facts recited by Parkey are true and

correct, the claims he asserts against the DEA and Lake County cannot survive their motions to

dismiss.

The DEA has moved to dismiss Parkey's claims pursuant to Federal Rule of Civil

Procedure 12(b)(1), (5) and (6), alleging lack of subject matter jurisdiction, insufficient service

---

[4] A liberal interpretation of Parkey's claims could indicate that he is alleging a Fourteenth
Amendment substantive due process claim rather than, or perhaps in addition to, a Fourth
Amendment claim.  While he clearly complains about what he feels was an illegal search and
seizure at his home (and, it can be inferred, an illegal seizure of his person when he was
arrested), he also complains that he was wrongfully and maliciously prosecuted in a state
criminal proceeding.  But this makes no difference in the court's analysis of the defendants'
motions to dismiss, since the defenses they raise in their motions are valid under either scenario.

of process, and failure to state a claim upon which relief can be granted.  DEA's Motion to

Dismiss, Docket at 49, p. 1.  The DEA asserts the defense of sovereign immunity, which presents

a bar to Parkey's claims against it due to a lack of subject matter jurisdiction.  This defense falls

under the auspices of Rule 12(b)(1).  The DEA also asserts, correctly, that it is not a "person" for

purposes of an action brought under 42 U.S.C. § 1983.  This defense falls under Rule 12(b)(6),

because Parkey's claim against the DEA fail to state a claim upon which relief can be granted.

Finally, the DEA claims that it was never properly served with process in this case as governed

by Fed.R.Civ.P. 4(I).  This defense falls under the auspices of Fed.R.Civ.P. 12(b)(5).

Defendant Lake County states that it is entitled to a dismissal of Parkey's claim against it

pursuant to Rule 12(b)(6), arguing that Parkey's Amended Complaint fails to state a claim

against the county on which relief can be granted.

Rule 12(b)(1) provides that a case shall be dismissed if the court lacks the statutory

authority to hear and decide the dispute.  Fed.R.Civ.P. 12(b)(1).  In reviewing a Rule 12(b)(1)

motion to dismiss, the court may look beyond the complaint and review any extraneous evidence

submitted by the parties to determine whether subject matter jurisdiction exists.  *United Transp.*

*Union v. Gateway Western R.R. Co.,* 78 F.3d 1208, 1210 (7th Cir. 1996).  When a defendant

moves for dismissal pursuant to 12(b)(1), the plaintiff bears the heavy burden of demonstrating

that the court has subject matter jurisdiction.  *Rogers v. Sugar Tree Prod.,* 7 F.3d 577, 581 (7th

Cir. 1993); *Grafon Corp. v. Hausermann,* 602 F.2d 781, 783 (7th Cir. 1979).

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is

appropriate if the complaint fails to state a claim upon which relief may be granted.

Fed.R.Civ.P. 12(b)(6).  In assessing the propriety of dismissal under Rule 12(b)(6), the court

5

must accept all well-pleaded factual allegations in the complaint and the inferences reasonably

drawn from them as true and in the light most favorable to the plaintiff.  *Johnson v. Rivera,* 272

F.3d 519, 520 (7th Cir. 2001).  The court need not "ignore any facts set forth in the complaint

that undermine the plaintiff's claim," nor must the court give "any weight to unsupported

conclusions of law."  *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend,* 163

F.3d 449, 452 (7th Cir. 1998) (quoting *R.J.R. Services, Inc. v. Aetna Casualty & Surety Co.,* 895

F.2d 279, 281 (7th Cir. 1989)); *see Hickey v. O'Bannon,* 287 F.3d 656, 658 (7th Cir. 2002).

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief"

requires more than labels and conclusions, and a formulaic recitation of a cause of action's

elements will not do.  *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65 (2007) (internal

citations omitted).  "Factual allegations must be enough to raise a right to relief above the

speculative level."  *Id.* at 1965.

### III.  DISCUSSION

**A.  Motion to Dismiss–the DEA.**

In support of its first argument for dismissal, the DEA points out that it is entitled to

sovereign immunity from Parkey's action..  Defendant's Memorandum in Support of Motion to

Dismiss ("DEA's Memorandum"), Docket at 50, p. 4.  The DEA states as follows:

> The United States and its agencies are immune from suit except to the extent it
> consents to be sued and the terms of its consent define the parameters of a Federal
> Court's jurisdiction to entertain suits against it. *United States v. Sherwood*, 312
> U.S. 584, 586 (1941); *United States v. Orleans*, 425 U.S. 807, 814 (1976); and
> *Honda v. Clark*, 386 U.S. 484, 501 (1967).  The sovereign immunity of the United
> States extends to its agencies and branches.  *Huff v. Gov't Nat'l Mortgage Ass'n*,
> 1995 WL 31563 (N.D.Ill.); and *Biase v. Kaplan*, 852 F.Supp. 268, 277 (D.N.J.
> 1994).

6

*Id.*  The DEA argues that since the federal government has not waived sovereign immunity,

Parkey's claim or claims against the agency must be dismissed since his Amended Complaint

fails to invoke subject matter jurisdiction.  *Id.*  The DEA is correct that "[t]he United States is

immune from suit except as it waives its sovereign immunity. . . . The terms of those waivers are

set forth by Congress and courts may not exercise subject matter jurisdiction over a claim against

the federal government except as Congress allows."  *Armendariz-Mata v. U.S. Dept. of Justice,*

*Drug Enforcement Administration*, 82 F.3d 679, 682 (5th Cir. 1996) (citing *Federal Deposit Ins.*

*Corp. v. Meyer*, 510 U.S. 471 (1994) and *United States v. Orleans*, 425 U.S. 807 (1976)).

Parkey brought this action pursuant to 42 U.S.C. § 1983.  However, as the DEA also

points out, that statute "does not confer subject matter jurisdiction on this Court or waive

sovereign immunity against the United States or its agencies."  *Id.* (citing *Serrano v. Gonzalez*,

909 F.2d 8 (1st Cir. 1990), *Anderson v. Luther*, 521 F.Supp. 91 (D.C. Ill. 1981), and *Seber v.*

*Unger*, 881 F.Supp. 323 (N.D. Ill. 1995)).

In his response to the DEA's motion to dismiss, Parkey states that "[t]he DEA's

contention that 'The United States and its agencies are immune from suit except to the extent it

consents to be sued . . .' . . . is deeply flawed.  If that were the case the United States and its

agencies would effectively be immune from all civil legal action.  It/they aren't. [sic]" Plaintiff's

Response to Defendant, the DEA's Motion to Dismiss ("Plaintiff's Response"), Docket at 58, p.

1.  In its reply brief, the DEA states quite simply that "Plaintiff is correct that sovereign

immunity does render the United States and its agencies immune from civil legal actions unless

it waives sovereign immunity and consents to be sued."  United States' Reply to Plaintiff's

Response to Defendant, the DEA's, Motion to Dismiss ("DEA's Reply"), Docket at 62, p. 1.

Despite Parkey's protests, the DEA's arguments are based on a correct statement of well-

established law and Parkey's claims against it must be dismissed.[5]

The DEA is also correct in arguing that it is not a "person" for purposes of a suit brought

under 42 U.S.C. § 1983 and that Parkey's claims against it must be dismissed for that reason.

DEA's Memorandum, p. 4 (citing *United States v. Vital Health Products Ltd.*, 786 F.Supp. 761

(E.D. Wis. 1992) and *Birbeck v. Southern New England Production Credit Ass'n.*, 1995 WL

31563 (N.D. Ill.)).  The DEA correctly concludes that "'[b]ecause the DEA is a federal agency

acting under color of federal law there is no valid basis for [plaintiff's] § 1983 claim against it.'"

*Id.* (quoting *Seber*, 881 F.Supp. at 327).  For this reason also, Parkey's claims against the DEA

must be dismissed.

Finally, the DEA asserts that Parkey never properly served legal process in this case as

required by the Federal Rules of Civil Procedure and as he was previously directed to do by this

court.  *Id.*, pp. 6-7.  The DEA points out that Fed.R.Civ.P. 4(I) "requires that the summons and

the complaint be delivered to the U.S. Attorney's Office and mailed by registered or certified

mail to the Attorney General and the Office or Agency named.  Plaintiff has failed to comply

with this service rule because he has not shown that he has served either the United States

Attorney or the Attorney General."  *Id.*, p. 7.  Plaintiff, of course, is proceeding *pro se*.  While

*pro se* plaintiffs are expected to comply with all applicable Rules of Civil Procedure, they are

---

[5] The DEA also points out that since Parkey has accused the agency of seizing his UPS shipping records, his claims could be construed as sounding in tort.  DEA's Memorandum, p. 5, n. 2.  If that were the case, then Parkey would have to allege jurisdiction under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675.  *Id.*  Parkey would also have to show that sovereign immunity had been waived under that Act.  *Id.*  Finally, Parkey would have had to file a federal tort claim notice with the DEA, which he has not done.  *Id.*  "Therefore, no jurisdiction lies under the FTCA."  *Id.*

often given latitude in that respect since they are not represented by counsel and are usually

untrained in the law and civil procedure.  The DEA raises a legitimate point regarding Parkey's

failure to serve a summons and complaint on the proper federal authorities in this case.

However, given that Parkey's claim or claims against the DEA must be dismissed for lack of

subject matter jurisdiction and for failure to state a claim upon which relief can be granted, the

court need not address this rather technical procedural point any further.

### B.  Motion to Dismiss–Lake County.[6]

As stated above, Parkey sued Lake County claiming that former defendant Bernard

Carter was an employee or agent of the County.  Since Carter, according to Parkey, "illegally"

prosecuted him, Parkey attempts to hold the County liable for damages.  However, Lake County

states that "Plaintiff mistakenly alleges that Bernard Carter, the Lake County Prosecutor, is a

Lake County employee and/or agent.  Carter is a State employee and is represented by the

Indiana Attorney General's Office.  Further, the claims against Carter have now been dismissed

on immunity grounds by the Court."  Memorandum in Support of Motion to Dismiss ("Lake

County's Memorandum"), Docket at 54, p. 2.  Lake County also points out that even if Carter

was employed by the County, Parkey would not be able to sustain a § 1983 claim against the

County unless he could demonstrate that the County had a policy, the policy amounted to

deliberate indifference to his constitutional rights and that the specific policy was the moving

---

[6] In his Motion to File Second Amended Complaint, Parkey states that "the County of
Lake, Indiana, has been dismissed from this action by the plaintiff."  Motion to Amend, Docket
at 64, p. 1.  However, the record does not indicate that Parkey ever filed a motion to dismiss or
any sort of notice of dismissal concerning Lake County.  Therefore, the court will proceed to
address the County's motion to dismiss.  (This could explain, of course, why Parkey did not file
any response to the County's motion to dismiss.)

force behind the alleged constitutional violation." *Id*. (citing *Arlotta v. Bradley Center*, 349 F.3d 517 (7th Cir. 2003)).  As Lake County points out, Parkey "makes no connection to any specified policy or custom whatsoever which emanates from Lake County, Indiana.  Any activities undertaken to prosecute Plaintiff were pursuant to the actions of others and the criminal laws of the State of Indiana." *Id*., pp. 2-3.  Accordingly, Lake County argues that Parkey fails to state any claim against it upon which relief can be granted, and that his attempted claim or claims against the County should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).  Lake County Motion to Dismiss, Docket at 53, p. 1.

Lake County (like the DEA) bases its argument on a long-standing, well-established principle of law.  As a result, Parkey cannot maintain a § 1983 claim against the County based on his mistaken belief that Bernard Carter was an employee and/or agent of the County at the time of the events giving rise to this lawsuit.[7]

### C.  Motion to Stay Discovery.

In its motion to stay discovery, the DEA requests that the court grant a stay of the discovery process in this case pending the court's ruling on the DEA's motion to dismiss.  Motion for Stay of Discovery, Docket at 63, p. 1.  As a result of the court's ruling on the DEA's motion to dismiss, as discussed above, the agency's motion to stay discovery is rendered moot.  The DEA is not obligated to respond to any discovery requests served on it by the plaintiff.

---

[7] Even if Carter was an employee of Lake County, that would not rescue Parkey's claim, since the doctrine of *respondeat superior* is not available to a plaintiff under 42 U.S.C. § 1983. *West v. Waymire,* 114 F.3d 646, 649 (7th Cir. 1997).  Furthermore, counties and county subdivisions are not "persons" for purposes of claims brought pursuant to 42 U.S.C. § 1983. *Nadolski v. Lain*, 2007 WL 2446754 (N.D. Ind., Aug. 24, 2007) (citing *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989)).

**D. Motion for Leave to File Amended Complaint.**

Parkey has requested leave of court to file a Second Amended Complaint.  Motion to File

Second Amended Complaint ("Motion to Amend"), Docket at 64.  A review of his proposed

Second Amended Complaint reveals that he wants to add additional defendants–specifically, two

agents of the DEA named Gary Alter and Aramand H. McClintock.  *Id*., p. 1.  Parkey claims that

"Mr. Alter's and Mr. McClintock's names appear on a copy of a Subpoena, file-marked

November 24, 2003, provided by defendant, the DEA, on April 18, 2008."  *Id*.   The DEA filed a

brief in opposition to Parkey's motion.  Objection to Motion to File Second Amended Complaint

("DEA's Brief in Opposition"), Docket at 66.  In addition, defendant Sample, who also filed a

brief opposing Parkey's motion to amend, notes that Parkey is attempting to add a state law libel

claim against Sample.  Response in Opposition to Motion for Leave to File Second Amended

Complaint ("Sample's Brief in Opposition"), Docket at 65, p. 1.

The court's review of Parkey's proposed Second Amended Complaint reveals that both

the DEA and Sample are correct in their assessment and interpretation of what Parkey is

attempting to achieve through the proposed amendment.  As to the DEA agents he wishes to add

as defendants, Parkey states as follows:

> Gary Alter: Illegally seized plaintiff's United Parcel Service shipping records on
> or about November 24, 2003, thereby violating plaintiff's Fourth Amendment
> right to be protected from illegal search and seizure.

> Aramand H. McClintock:  Illegally seized plaintiff's United Parcel Service
> shipping records on or about November 24, 2003, thereby violating plaintiff's
> Fourth Amendment right to be protected from illegal search and seizure.

Motion to Amend, Second Amended Complaint, p. 2.  As to Sample, Parkey asserts as follows:

> Jason E. Sample: Willfully and wantonly libeled plaintiff in his June 6, 2005
> Affidavit when he accused plaintiff of being a "suspected narcotics" dealer with

> no grounds and accused plaintiff of "Dealing Marijuana" with no grounds.
> Further, defendant, Sample had no grounds to accuse plaintiff of "Reckless
> Possession of Paraphernalia" or "Possession of Controlled Substance."
> Defendant, Sample, also misled Magistrate Bowling, in his June 6, 2005 Affidavit
> when he stated that plaintiff had a "criminal history through Indiana."  Plaintiff
> has never been accused of, or convicted of a felony prior to June 6, 2005, and has
> not been charged with any crime since January 1, 1981, other than the charges
> filed against him as a result of the illegal raid of June 6, 2005.  The above mostly
> fictitious, groundless and misleading information was used by defendant, Sample,
> to obtain a search warrant, thereby violating plaintiff's right to protection of the
> Fourth Amendment from illegal search and seizure.

*Id*.  Parkey then goes on to claim that as a result of this alleged libel (and illegal search and

illegal prosecution), he "suffered tremendous damages" and "was forced to sell his home" and

"has been unable to find gainful employment."  *Id.*

### 1.  Standard for Motion to Amend.

A party may amend its pleading once as a matter of course at any time before a

responsive pleading is served; otherwise, it may amend only by leave of the court or by written

consent of the adverse party.  Fed.R.Civ.P. 15(a).  Leave to amend is freely given when justice

so requires.  *Id.*  However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union,* 284

F.3d 715, 720 (7 Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive,

prejudice, or futility, *Ind. Funeral Dir. Ins. Trust v. Trustmark Ins. Corp.,* 347 F.3d 652, 655 (7th

Cir. 2003).  Moreover, the requirements of Rule 15 must be read in conjunction with the

requirements of Rule 16, because "[o]nce the district court [has] filed a pretrial scheduling order

pursuant to [Rule] 16 which establish[es] a time table for amending pleadings that rule's

standards [control]." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607-08 (9th

Cir.1992); *Kortum v. Raffles Holdings, Ltd.,* 2002 WL 31455994, *3 (N.D.Ill. Oct.30, 2002);

*Tschantz v. McCann,* 160 F.R.D. 568, 570-71 (N.D.Ind.1995).  However, it is important to note

that a Rule 16 scheduling order has not yet been issued in this case.  Thus, the court's review of

Parkey's motion to amend is limited to assessing whether justice requires that he be permitted to

add any new defendants and/or new claims at this point in the litigation.

Parkey's *pro se* status is once again important in this analysis.  As the Seventh Circuit

has explained: "[D]istrict courts have a special responsibility to construe *pro se* complaints

liberally and to allow ample opportunity for amending the complaint when it appears that by

doing so the pro se litigant would be able to state a meritorious claim.... [I]t is incumbent on [the

court] to take appropriate measures to permit the adjudication of *pro se* claims on the merits,

rather than to order their dismissal on technical grounds.").  *Marshall v. Knight*, 445 F.3d 965,

970 (7th Cir. 2006) (quoting *Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 555 (7th Cir.

1996)).

## 2.  Proposed Claims Against Alter and McClintock.

The DEA argues that Parkey's attempt to add these two defendants to his lawsuit should

be denied since it is futile.  The claims Parkey wants to assert against the two agents are the same

as the claims he has already asserted against the DEA itself–claims that are dismissed by this

Order.  The DEA argues that "plaintiff ha[s] no standing to dispute on Fourth Amendment

grounds the DEA's 'administrative subpoena' method of obtaining shipping records from UPS,

because he could not show an actual or justifiable privacy interest in the records."  DEA's Brief

in Opposition, p. 1 (citing *United States v. Phibbs*, 999 F.2d 1053, 1077-1078 (6th Cir. 1993),

*cert. denied*, 510 U.S. 1119.  Therefore, according to the DEA, plaintiff "has no standing to

dispute on Fourth Amendment grounds the issuance of these type of administrative subpoenas

unless he can show an actual and justifiable privacy interest in the UPS shipping records."  *Id*., p.

13

2.  Absent such a showing, "plaintiff cannot show a violation of his constitutional rights . . .

[and] has no standing to sue individual DEA agents."  *Id*.

The DEA addressed this same issue in greater detail in its reply brief in support of its

motion to dismiss.  In that brief, the DEA stated as follows:

> Plaintiff claim[s] that his UPS shipping records were illegally seized by the DEA.
> The subject UPS shipping records were forwarded by UPS to the DEA pursuant
> to a lawful administrative subpoena.  . . .  The subpoena requested names,
> addresses, and tracking numbers of packages sent within the State of Indiana by
> certain listed third party businesses. . . . The administrative subpoena was issued
> pursuant to authority found in 21 U.S.C. § 876.  Such subpoenas were routinely
> issued to third party shipping businesses, requesting their records. . . . The
> delivery information requested by the subpoena is the type of information given
> by a third party business to effectuate the delivery of the package by another third
> party.  Plaintiff reasonably can expect that this information would be readily
> accessible to third party shipping employees during the normal course of shipping
> business.  Under this set of facts, plaintiff cannot have had any expectation of
> Fourth Amendment privacy.

United States' Reply to Plaintiff's Response to Defendant, the DEA's, Motion to Dismiss

("DEA's Reply"), Docket at 62, p. 2 (citing *Smith v. Maryland*, 442 U.S. 735, 742 (1979) (no

privacy expectation in phone records) and *United States v. Miller*, 425 U.S. 435, 440-444 (1976)

(no privacy right in bank account information maintained pursuant to Bank Secrecy Act); and

*People v. Beckstrom*, 843 P.2d 34, 35 (Colo.App. 1992) (no privacy interest in UPS shipping

records obtained by DEA by way of administrative subpoena)).  The DEA also argues that

Parkey's allegation that the UPS records were "illegally forwarded to the Indiana State Police" is

without merit, "because the records did not belong to plaintiff and he had no privacy expectation

in the records . . . ."  *Id*., n. 1.

These cases support the DEA's argument that an individual does not have an expectation

of privacy in shipping records when he utilizes the services of a third party commercial shipping

14

business, as did Parkey.  Once Parkey utilized the commercial services of UPS and/or received

shipments from third parties via UPS, he had "no legitimate expectation of privacy in the

information obtained by the DEA from UPS . . ."  *Beckstrom*, 843 P. 2d at 37 (citing *Katz v.*

*United States*, 389 U.S. 347 (1967)).  Therefore, Parkey's allegations do not support a claim of

any violation of his constitutional rights.  Allowing Parkey to amend his Complaint to assert his

proposed claims against the two DEA agents would be futile.

### 3.  Proposed Claim Against Sample.

Parkey's proposal to add a State law libel claim against Sample is different.  Parkey

alleges (in his original Complaint as well as his proposed Second Amended Complaint) that

Sample lied in the affidavit he submitted to the State court in order to obtain a search warrant for

Parkey's home.  In his proposed amendment, he seeks to pursue a claim of libel against Sample

based on the same underlying facts.  Parkey claims that Sample's alleged misrepresentations

resulted not only in bogus charges being brought against him, but also caused extreme financial

difficulties for Parkey, causing him to lose employment and forcing him to surrender his home.

These allegations, examined in a light most favorable to Parkey, state a claim for libel against

Sample.

At this point in this litigation, the court cannot say that such an amendment would be

futile or that Parkey's libel claim would not survive a motion for summary judgment should

Sample file one.  In any event, Sample does not oppose Parkey's motion to amend on the

grounds that the proposed amendment would be futile or that it is legally insufficient.  Instead,

Sample opposes Parkey's motion solely on the basis that it is not timely.  Sample argues as

follows:

> Here the claim of libel could have been made in the First Amended Complaint. The Plaintiff has attached to his [motion to amend] substantially the same attachments previously attached to his First Amended Complaint.  Thus, it appears he is relying on information that was available to him some ten months ago.  He has failed to make a showing to this Court as to why justice requires this amendment now when it could have been made in the First Amended Complaint. . . . Because Plaintiff has failed to show good cause for his late attempt to amend his First Amended Complaint, justice does not require the Court grant him leave to amend.  As such, the Court should deny Plaintiff's motion.

Response in Opposition to Motion for Leave to File Second Amended Complaint ("Sample's Brief in Opposition"), Docket at 65, p. 2.  Sample is correct that the court is "not required" to grant Parkey's belated attempt to file a Second Amended Complaint.  However, as stated above, Parkey's *pro se* status must be taken into consideration on this issue and, as the Seventh Circuit explained in *Marshall v. Knight* and *Donald v. Cook County Sheriff"s Dep't.*, a district court should "take appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds."  Furthermore, Sample does not so much as allege in his opposition brief that he will be unduly prejudiced if the court permits the amendment.  Finally, as stated above, there is no scheduling plan in place in this case pursuant to Fed.R.Civ.P. 16 that specifically sets out deadlines for the filing of amended pleadings, the completion of discovery, or the filing of dispositive motions.  For these reasons, Sample would be hard pressed to demonstrate that he would be unduly prejudiced by the filing of Parkey's Second Amended Complaint (which is, presumably, why he does not raise the issue).  Therefore, Parkey's motion to file a Second Amended Complaint to add a State law claim of libel against Sample will be granted.

16

**CONCLUSION**

For the reasons set forth in this Order, the Motion to Dismiss filed by the DEA is GRANTED; the Motion to Dismiss filed by Lake County is GRANTED; the Motion to Stay Discovery filed by the DEA is MOOT; and the Motion for Leave to File Second Amended Complaint filed by Parkey is GRANTED in part and DENIED in part. The Clerk of the Court is directed to docket Parkey's Second Amended Complaint.  This case remains pending against defendant Jason Sample only on Parkey's claim of a Fourth Amendment violation and his State law claim for libel.

Date: May 22, 2008.

/s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana