UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES L. PARKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: 3:07-CV-267 |
| ) | |
| R.J. BOWLING, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the court for resolution of a motion for summary judgment filed by defendant Jason Sample ("Sample") on August 17, 2009. Docket at 89. Sample also filed a memorandum in support of his motion on that same date (docket at 90, "Defendant's Memorandum"). After moving for and receiving two extensions of time in which to do so, plaintiff James L. Parkey ("Parkey") filed a memorandum in opposition to the motion on October 8, 2009 (docket at 97, "Plaintiff's Response")[1] and Sample filed a reply on October 20, 2009 (docket at 99, "Defendant's Reply"). For the reasons discussed herein, the motion for summary judgment is GRANTED. Since defendant Sample was the last remaining defendant in this case (see footnote 4 below) and summary judgment in Sample's favor is hereby granted on

---

[1] In addition to filing his brief in opposition to Sample's motion for summary judgment, Parkey filed a second pleading that he titled "Plaintiff's Motion in Opposition to Summary Judgment." Docket at 98. This "motion" was filed one day after Parkey's brief. In this "motion," Parkey "moves the Court to deny judgment on all claims in the Defendant's favor." *Id*., p. 1. The Clerk of the Court wisely docketed this pleading not as a motion (which it isn't), but simply as a response to the motion for summary judgment. Obviously, a party filing a response in opposition to a motion for summary judgment (a move anticipated by and provided for under Fed.R.Civ.P. 56) does not have to (and is not expected to) file a "motion" asking the court to deny the defendant's motion. The request to deny the defendant's motion is implicit in a plaintiff's response in opposition to that motion. *See* Fed.R.Civ.P. 56(c) and Local Rule 56.1(a). Accordingly, no ruling is necessary as to this document despite its title.

all claims asserted against him, this case is hereby DISMISSED.

## FACTUAL BACKGROUND

Parkey initiated this action by filing a Complaint *pro se* on June 5, 2007.[2] Docket at 1. On July 9, 2007, Parkey filed a First Amended Complaint. Docket at 5.[3] In his First Amended Complaint, Parkey named the following individuals and entities as defendants: 1) the State of Indiana; 2) Jason E. Sample, an Indiana State Trooper; 3) Bernard Carter, a prosecutor in Lake County, Indiana; 4) R.J. Bowling, a Magistrate Judge in the Lake County Superior Court; 5) the United States Drug Enforcement Administration; and 6) Lake County, Indiana. First Amended Complaint, pp. 2-3.[4] On May 6, 2008, Parkey filed a motion for leave to file a Second Amended Complaint. Docket at 64. That motion was granted on May 22, 2008. Docket at 67. Parkey alleges in his Second Amended Complaint (as well as the ones that preceded it) that he was the victim of an illegal search and seizure on June 6, 2005. *Id*., p. 2. He claims that on that date, law enforcement officers, armed with a warrant, searched his home and seized certain items that then formed the basis for the filing of criminal drug charges against him. *Id*. While Parkey

---

[2] Parkey is now represented by counsel. Parkey's attorney filed an appearance in this case on January 14, 2009. Docket at 88.

[3] The only difference between the original Complaint and the First Amended Complaint is that Parkey added Lake County, Indiana, as a defendant in the amended pleading. First Amended Complaint, p. 3. In his Second Amended Complaint, Parkey added two Drug Enforcement Administration agents as defendants, and also added a state law libel claim against Sample.

[4] This court issued an Opinion and Order on March 11, 2008, in which the court granted motions to dismiss filed by defendants R.J. Bowling, Bernard Carter, and the State of Indiana. Docket at 48. Then, on May 22, 2008, the court issued another Opinion and Order granting motions to dismiss filed by the Drug Enforcement Administration and Lake County. Docket at 67. Accordingly, those defendants are no longer parties to this action and Sample is the only remaining defendant.

admits that the officers did have a warrant to search his home, he claims that it was obtained based on "groundless and misleading information" supplied by Sample, the Indiana State Trooper who is the individual who signed the Search Warrant Affidavit. *Id*., p. 2 (and Exhibit 1 thereto). Parkey alleges that his "right to protection of the Fourth Amendment from illegal search and seizure was wontanly [sic] violated." *Id*. Parkey claims that all six of the named defendants played some role in contributing to the alleged deprivation of rights he suffered. *Id*., pp. 2-3. He asserts, for example, that the State is liable to him since "defendants Sample . . . and Bowling . . . were employed by the State of Indiana and were agents thereof when Sample obtained a signed Search Warrant from Bowling thereby enabling him to illegally raid my home on June 6, 2005." *Id*., p. 2. He asserts that "Sample . . . willfully and wontanly [sic] mislead [sic] Judge-Magistrate Bowling . . . in his . . . sworn Affidavit . . ." and that Bowling, in turn, "illegally issued the Search Warrant . . . based on groundless and misleading information . . . ." *Id*. As to Carter, Parkey alleges that he "illegally prosecuted plaintiff because of illegally seized alleged contraband[.]" *Id*. As to the DEA, Parkey alleges that the federal agency "illegally seized plaintiff's UPS shipping records on or about November 24, 2003, and then illegally forwarded the information to the Indiana State Police, thereby causing plaintiff's home to be illegally raided on June 6, 2005 . . . ." Second Amended Complaint, p. 1. As to Lake County, Parkey alleges that the county is somehow liable because "Defendant Carter . . . was employed by, and an agent of Lake County Indiana when he illegally prosecuted plaintiff . . . ." *Id*. Based on these allegations, Parkey brought this action pursuant to 42 U.S.C. § 1983. He seeks compensatory damages "as a result of the illegal June 6, 2005, raid on plaintiff's home and subsequent arrest." *Id*. As explained above, all of the named defendants with the exception of

3

Sample have been dismissed from this case. Sample now moves for summary judgment, arguing that he did not submit a false probable cause affidavit to the state court, that his affidavit set forth adequate grounds for the issuance of the search warrant and, consequently, he did nothing to violate Parkey's Fourth Amendment rights. Sample also argues that Parkey's state law libel claim against him fails as a matter of law.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. *See id.* at 255. However, neither the "mere existence of some alleged factual dispute between the parties," *id.,* 477 U.S. at 247, nor the existence of "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986), will defeat a motion for summary judgment. *Michas v. Health Cost Controls of Ill., Inc.,* 209 F.3d 687, 692 (7th Cir. 2000).

Summary judgment is not a substitute for a trial on the merits nor is it a vehicle for resolving factual disputes. *Waldridge v. Am. Hoechst Corp.,* 24 F.3d 918, 920 (7th Cir. 1994). Therefore, after drawing all reasonable inferences from the facts in favor of the non-movant, if genuine doubts remain and a reasonable fact-finder could find for the party opposing the motion,

summary judgment is inappropriate. *See Shields Enterprises, Inc. v. First Chicago Corp.,* 975 F.2d 1290, 1294 (7th Cir. 1992); *Wolf v. City of Fitchburg,* 870 F.2d 1327, 1330 (7th Cir. 1989). But if it is clear that a plaintiff will be unable to satisfy the legal requirements necessary to establish his or her case, summary judgment is not only appropriate, but mandated. *See Celotex,* 477 U.S. at 322; *Ziliak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir. 2003). A failure to prove one essential element "necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323.

The party seeking summary judgment on a claim on which the non-moving party bears the burden of proof at trial may discharge its burden by showing an absence of evidence to support the non-moving party's case. *Celotex,* 477 U.S. at 325. A plaintiff's self-serving statements, which are speculative or which lack a foundation of personal knowledge, and which are unsupported by specific concrete facts reflected in the record, cannot preclude summary judgment. *Albiero v. City of Kankakee,* 246 F.3d 927, 933 (7th Cir. 2001); *Stagman v. Ryan,* 176 F.3d 986, 995 (7th Cir. 1999); *Slowiak v. Land O'Lakes, Inc.,* 987 F.2d 1293, 1295 (7th Cir. 1993).

## DISCUSSION

In his motion, Sample contends that he is entitled to judgment in his favor on Parkey's claims for several reasons. Sample summarizes the bases for his motion as follows:

> Defendant Sample's actions in investigating Plaintiff, applying for a search warrant, and executing the search warrant did not violate any federal rights of Plaintiff. Defendant is entitled to qualified immunity from any federal claim. As to the state claim leveled for libel, Plaintiff's claim is barred by operation of Indiana law, [Sample] is immune from the action, and the undisputed facts show Plaintiff was not defamed.

Motion for Summary Judgment, p. 2. More specifically, Sample contends that he did not falsify any information in his application for a search warrant and thus the facts and evidence clearly

5

demonstrate that the subsequent search and seizure that occurred at Parkey's residence did not violate the Fourth Amendment; that Sample, in any event, is entitled to judgment in his favor pursuant to the doctrine of qualified immunity; and that Parkey's state law libel claim fails as a matter of law and because of Parkey's failure to comply with the dictates of the Indiana Tort Claims Act ("ITCA"). Defendant's Memorandum, pp. 10-20.

Sample submitted an affidavit in support of his motion. Motion for Summary Judgment, Exhibit A. In that affidavit, Sample summarized his version of the investigation he conducted of Parkey and the events leading up to Sample's request for, and execution of, a search warrant for Parkey's residence. *Id*. Sample explains that in March, 2005 he "received information transmitted from the federal Drug Enforcement Administration indicating James Parkey had received a shipment from the Worm's Way Company[.] . . . In my experience, I had learned that Worm's Way sold products commonly used by individuals participating in illegal marijuana grow operations." *Id*., ¶¶ 5-6. After confirming Parkey's address with the Indiana Bureau of Motor Vehicles, Sample "ran a criminal history for James Parkey" and learned that "James Parkey had a criminal history." *Id*., ¶ 8. "As a part of my investigation I visually observed the residence. I saw that the residence's basement windows were covered, which based upon my training and experience is a fact that indicates concealment of a marijuana growing operation. . . . Thereafter, on May 31, 2005, I collected trash from [Parkey's residence] that had been placed in the public alley behind the residence and a detached garage to be collected by the trash collector. . . . At another location, shortly thereafter, I recovered several plant stems, burnt hand rolled cigarette butts that had the odor of marijuana, and mail addressed to James Parkey from the trash. I recognized the stems as discarded marijuana plant material[.]" *Id*., ¶¶ 9-11. Sample conducted

this second "trash pull" on June 6, 2005, and states that once again he recovered evidence of marijuana. ¶¶ 12-13. Sample states that "[w]ithin hours of the discovery of the items from the June 6, 2005 trash pull, I applied for and received a search warrant for [Parkey's residence] . . . ." *Id*., ¶ 14. Sample, along with "several other officers," executed the warrant in the early morning hours of June 7, 2005, and discovered a marijuana growing operation in Parkey's basement. *Id*., ¶¶ 15-17. Parkey was subsequently charged with several felonies and one infraction. ¶ 18. It is undisputed in this case that the charges brought against Parkey were later dismissed. Sample attached to his affidavit a copy of his Affidavit for Search Warrant, which was filed with the Lake County Superior Court on June 6, 2005 (Defendant's Exhibit B) and a copy of the Search Warrant itself (Defendant's Exhibit C). These exhibits corroborate the statements in Sample's affidavit. Based on this factual recitation and supporting documentary evidence, Sample maintains that he did nothing that could even be construed as a violation of Parkey's Fourth Amendment rights. Defendant's Memorandum, p. 10.

The purpose of the Fourth Amendment is protect citizens from unreasonable searches and seizures by the government. *U.S. v. Ginglen*, 467 F.3d 1071, 1074 (7th Cir. 2006) (citing *Camara v. Mun. Court of City & County of S.F.,* 387 U.S. 523, 528 (1967)). To determine whether a search is reasonable, the court looks at the totality of the circumstances. As the Seventh Circuit Court of Appeals recently explained:

> "The Fourth Amendment permits the search of a person's home only if there is probable cause to believe that the authorities will recover the items subject to seizure at the time they execute the warrant." *United States v. Newsom,* 402 F.3d 780, 782 (7th Cir.2005) (citation omitted). While there is no set definition for probable cause, it exists for purposes of a search "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Ornelas v. United States,* 517 U.S. 690, 696 (1996). Probable cause does not require an actual showing of

7

criminal activity, but a probability or substantial chance that evidence of criminal activity will be found. *United States v. Sidwell,* 440 F.3d 865, 869 (7th Cir.2006) (citations omitted).

> "A magistrate's determination of probable cause 'is to be given considerable weight and should be overruled only when the supporting affidavit, read as a whole in a realistic and common sense manner, does not allege specific facts and circumstances from which the magistrate could reasonably conclude that the items sought to be seized are associated with the crime and located in the place indicated.'" *Newsom,* 402 F.3d at 782 (citations omitted).

*U.S. v. Doan*, WL 2247657 (7th Cir. Aug. 6, 2007) at * 3.

Sample argues that he had probable cause to suspect Parkey was involved in criminal activity when he sought the search warrant in state court. Sample argues as follows:

> It is undisputed that Sample's investigation uncovered facts showing that Parkey was receiving shipments of items that could be used to facilitate a marijuana grow operation, that his basement windows were covered, that he had been arrested previously, that his trash contained hand rolled cigarettes having the odor of marijuana and stems recognized by Sample as discarded marijuana plant material, a byproduct of the marijuana cultivation process–the stems field tested positive for marijuana. . . . Such information was sufficient to establish probable cause for search of the residence.

Defendant's Memorandum, p. 12. Sample also argues that "[t]o the extent Parkey claims Sample knowingly misled the judge to issue the search warrant in violation of federal law, this claim fails. Defendant does not concede he has brought such a claim and would object to the Court considering such a claim. Parkey is represented by counsel, and *nowhere in his pleadings* is it delineated that he brings a claim for this action. Nevertheless, such a claim would not survive summary judgment." *Id*., p. 13 (italics added).

This last argument is a curious one. In his First Amended Complaint, Parkey states as

follows concerning his allegations against Sample:

> Jason E. Sample . . . [w]illfully and wontanly [sic] mislead Judge-Magistrate Bowling on June 6, 2005, in his June 6, 2005, sworn Affidavit; accused plaintiff of being a "suspected narcotics" cultivator/dealer with no grounds; accused plaintiff of "Dealing Marijuana" with no grounds; accused plaintiff of "Reckless Possession of Paraphernalia" with no grounds; accused plaintiff of "Possession of Controlled Substance" with no grounds; accused plaintiff of having a "criminal history through Indiana."

First Amended Complaint, p. 2. Similarly, in his Second Amended Complaint (docket at 68), Parkey reiterates his contention that "Defendant, Sample, also misled Magistrate Bowling, in his June 6, 2005 Affidavit when he stated that plaintiff had a 'criminal history through Indiana.'" This language could not be more clear. Despite Sample's "objection" that the court should not even address a claim by Parkey that Sample intentionally falsified information in his probable cause affidavit for the purpose of misleading the state court Judge into issuing a search warrant, that is the very essence of Parkey's claim–and has been since the filing of his original Complaint. *See* docket at 1, p. 2. Sample's assertion that no such claim exists anywhere in Parkey's pleadings is even more curious and confusing given that Sample dedicates most of his memorandum in support of his motion for summary judgment explaining how he *did not* mislead the state court when he obtained the search warrant. Be all this as it may, the issue before the court is whether Sample is entitled to summary judgment on Parkey's claim that Sample violated his Fourth Amendment rights when he obtained and executed the search warrant. To that end, Sample has presented his version of the factual scenario on which he based his probable cause affidavit.

In his response, Parkey attempts to characterize the representations Sample made in his probable cause affidavit as a pack of lies. Parkey states that "Sample, without any admissible evidence or proof, alleged that the Plaintiff James L. Parkey . . . was a suspected narcotics dealer and further accused Parkey of dealing marijuana. Further, on June 6, 2005, in an effort to mislead the Court Sample stated in the sworn affidavit that Parkey had a *criminal history*. Parkey asserts that he had an unrelated criminal arrest in January of 1981, more than 24 years prior to Sample asserting that Parkey had *a criminal history*." Plaintiff's Response, docket at 97, p. 1 (italics in original). Parkey also is quick to point out that on "May 24, 2006, <u>all</u> criminal charges originating from Parkey's arrest subsequent to service of the search warrant were dismissed *with prejudice*." *Id*. (emphasis in original).

Parkey further contends that "[a]t the time Sample signed the affidavit there was <u>no</u> evidence to support his contention that Parkey was a suspected narcotics dealer with a criminal *history*. So it was not a fact that Sample knew at the time of Parkey's arrest . . . The only basis for a finding of probable cause on which the state relies in this case . . . was a falsely sworn affidavit whose falsity was, so far as appears, unknown to the judge at the probable-cause hearing." *Id*., p. 5 (emphasis in original). Parkey next states that "[t]here is no indication that Sample failed merely by inadvertence to truthfully state that Parkey was a suspected drug dealer and implying he had an extensive criminal history; and a fraudulent complaint cannot provide the sole basis for a finding of probable cause." *Id*., p. 6 (citations omitted). Finally, Parkey argues that he "has shown that Sample acted deliberately or with reckless disregard for the truth or made misrepresentations to the issuing judge that were necessary to the probable cause determination. Therefore, the plaintiff can establish that Sample violated his Fourth Amendment

10

rights, and is not protected from suit by the defense of qualified immunity." *Id*., pp. 6-7. Parkey concludes by stating that "[t]here is a question of fact as to whether Sample falsified the information he supplied in an affidavit that was presented to the magistrate in support of the warrant" and that Sample's motion for summary judgment should be denied for that reason.

Parkey's opposition to the motion for summary judgment fails for several reasons, including one very fundamental one. First, Parkey mischaracterizes many of the statements Sample included in his probable cause affidavit. Second, Parkey completely ignores the most important information in that affidavit that provided probable cause for the issuance of a warrant. And third, Parkey presents no evidence to support his contention that he has raised genuine issues of material fact that preclude summary judgment. It is not that Parkey has presented *insufficient* evidence to raise a fact issue. Rather (as Sample points out), Parkey has presented *no evidence whatsoever* to support his contentions and arguments. Parkey relies solely and completely on his own contentions and allegations in his attempt to oppose Sample's motion for summary judgment. Parkey presents no affidavits (not even his own), no contradictory evidence, and the only citations to the record that he presents to support his contentions are to his own First and Second Amended Complaints.[5] It is a well-established and fundamental legal principle that

---

[5] Parkey's First Amended Complaint did contain some attached documents, although Parkey does not reference them or cite to them in his brief. Anyway, none of these documents, even assuming Parkey intended for them to support of his arguments against the motion for summary judgment, would bolster Parkey's arguments. The documents include: Exh. 2–a portion of the Probable Cause Affidavit of Jason Sample and a copy of the search warrant; Exh. 3–another copy of the search warrant for Parkey's home; Exh. 4–the Indiana State Police Case Report; Exh. 5–the Indiana State Police Supplemental Case Report; Exh. 6–Sample's Probable Cause Affidavit stating what was found during the search of Parkey's home; and Exh. 7–a copy of the Lake County Superior Court Information issued on June 24, 2005, charging Parkey with various crimes.

a plaintiff's self-serving statements, which are speculative or which lack a foundation of personal knowledge, and which are unsupported by specific concrete facts reflected in the record, cannot preclude summary judgment. *Albiero v. City of Kankakee,* 246 F.3d 927, 933 (7th Cir. 2001); *Stagman v. Ryan,* 176 F.3d 986, 995 (7th Cir. 1999); *Slowiak v. Land O'Lakes, Inc.,* 987 F.2d 1293, 1295 (7th Cir. 1993). Furthermore, neither the "mere existence of some alleged factual dispute between the parties," *id.,* 477 U.S. at 247, nor the existence of "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986), will defeat a motion for summary judgment. *Michas v. Health Cost Controls of Ill., Inc.,* 209 F.3d 687, 692 (7th Cir. 2000). In opposing a motion for summary judgment, "the non-moving party may oppose the motion with any of the evidentiary materials listed in Rule 56(c), *but reliance on the pleadings alone is not sufficient to withstand summary judgment*." *Goka v. Bobbitt*, 862 F.2d 646, 649 (7th Cir. 1988) (italics added); *Guenin v. Sendra Corp.*, 700 F. Supp. 973, 974 (N.D. Ind. 1988); *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.), *cert. denied*, 464 U.S. 960 (1983). A scintilla of evidence in support of the non-moving party's position is not sufficient to successfully oppose summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 2512; *In Re Matter of Wildman*, 859 F.2d 553, 557 (7th Cir. 1988); *Klein v. Ryan*, 847 F.2d 368, 374 (7th Cir. 1988); *Valentine v. Joliet Township High School District No. 204*, 802 F.2d 981, 986 (7th Cir. 1986).

      The fact that Parkey has failed to present any evidence to refute Sample's affidavit and the corroborating documents Sample designated in support of his motion for summary judgment is a competent basis for granting the motion. Parkey cannot simply rely on his own self-serving assertions to create a genuine issue of material fact. But as stated, Sample's motion is well taken

on substantive grounds also.

Parkey accuses Sample of lying to the state court when he stated in his probable cause affidavit that Parkey was a "narcotics dealer" who "had a criminal history." Plaintiff's Response, p. 1. Parkey argues that Sample had no evidence that Parkey was a marijuana dealer when he applied for the search warrant. *Id*. Parkey admits that he was previously arrested but claims that the arrest was so ancient that it was immaterial and that Sample used the fact of that prior arrest to "imply[] [that Parkey] had an extensive criminal history." *Id*., p. 6.[6] But a close reading of the affidavit does not support these contentions. In his affidavit, Sample never stated

---

[6] Sample states in his declaration in support of his motion for summary judgment that he "ran a criminal history for James Parkey. The information in that check indicated that James Parkey had a criminal history." Motion for Summary Judgment, Exhibit A, Declaration of Jason Sample, ¶ 8. Sample made the same statement in his probable cause affidavit. *Id*., Exhibit B, p. 3. Parkey argues that he was only arrested once–some 24 years before the present incident–but that he "has never been accused of, or convicted of a felony prior to June 6, 2005, and has not been charged with any crime since January 1, 1981 . . ." Second Amended Complaint, ¶ 4. Sample points out that "Parkey argues he was arrested but not convicted many years ago. However, he provides no admissible evidence, such as his own declaration, to support the contention that he was never convicted of a crime." Defendant's Reply, p. 4, n. 3. This is true. However, it is also true that while Sample states in his declaration and in his probable cause affidavit that he ran a criminal history check on Parkey, Sample also fails to present any supporting documentation on this fact issue. In fact, later in his reply brief, Sample claims that he "ran a criminal history check for James Parkey using the Computerized National Crime Information Center/Indiana Data and Communication System that confirmed [Parkey] had a criminal history." *Id*., p. 6, n. 4. But that is *not* what Sample stated in *either* his declaration or his affidavit. Sample made no mention of the "NCIC" database or the "IDCS" database. He also did not produce a copy of this alleged criminal history report in support of his motion. Had he done so, it would at least clarify what he saw that he used as the basis for his statement that Parkey had a "criminal history through Indiana." But all of this is nothing more than slightly sloppy pleading on both sides. The point is that Parkey admits he was once arrested and accuses Sample of making a material issue out of that fact in his probable cause affidavit. As the court has already pointed out though, this assertion by Sample was not the sole basis used to establish probable cause nor did it compromise the validity of Sample's probable cause affidavit as a whole. There was adequate information in the affidavit, even without considering Parkey's alleged "criminal history," on which the state court judge could base the issuance of a search warrant.

13

that Parkey was a drug dealer. Instead, he stated that, based on the evidence he had obtained from the DEA, through his personal surveillance of Parkey's residence, and his searches of Parkey's trash on two separate occasions, he had probable cause to believe that the residence was "occupied by *suspected* narcotics cultivators/dealers" and that evidence of various crimes could be present on the premises. Defendant's Exhibit B, p. 2. Sample also stated that based on his observations and the evidence he obtained (which, again, included remnants of marijuana cigarettes and marijuana plants), he "believes" that Parkey's home "is being used to unlawfully store, sell, and use controlled substances, to wit: marijuana." *Id*., p. 4. Finally, Sample represented to the state court that as a result of the evidence he obtained, he had probable cause to "believe evidence relevant to the offenses of Possession and/or Dealing of Marijuana and Maintaining a Common Nuisance are concealed at the premises . . . ." *Id*. These statements are not as conclusory in nature as Parkey apparently believes. They are merely statements that reflect the basis for Sample's probable cause to believe that evidence of criminal activity–growing, possessing, and/or selling marijuana–might be found at Parkey's residence.

The court does agree that Sample's assertion in his probable cause affidavit that Parkey had a "criminal history in Indiana" could be seen as somewhat suspect. Sample does not contest Parkey's claim that the arrest in question occurred more than 20 years before the incident that is the basis of this lawsuit–a clarifying fact that Sample neglected to include. Thus, it is understandable that Parkey would question the reason Sample included that arrest history in his affidavit. On the other hand, as Sample points out, Parkey concedes that he was arrested in Indiana in 1981. Thus, Sample was not lying or presenting deliberately false information when he included this information in his affidavit. Could the inclusion of a 24-year-old arrest record

in the affidavit be interpreted as misleading or disingenuous insofar as it implies that Parkey was recently involved in criminal activity? Perhaps. But even if the court accepts this argument, it does nothing to contradict the more important (and uncontested) facts in Sample's affidavit. Parkey *does not contest* any of the following facts as presented by Sample:

> 1. Sample received information from the U.S. DEA that Parkey had received shipments from a company known to the DEA to provide products used in the cultivation of marijuana;
>
> 2. Sample personally observed that the basement windows at Parkey's home were covered and obscured;
>
> 3. Sample conducted trash pulls on two separate occasions, during which he discovered marijuana (or at least remnants of marijuana) in Parkey's trash; and,
>
> 4. Sample based his probable cause conclusion on that evidence as well as the fact that he had extensive training and experience in law enforcement.

Even if the fact of Parkey's decades-old arrest is removed from Sample's probable cause affidavit, the affidavit remains sufficient (overwhelmingly so, in fact) to support a finding of probable cause and the basis for the issuance of the search warrant. For all of these reasons, Parkey has failed to establish that there is so much as a single issue of material fact to preclude the entry of summary judgment in favor of Sample on Parkey's Fourth Amendment violation claim. As Sample correctly states it, "[n]o false information was supplied [to the state court judge], and Parkey does not dispute Sample found what he found in the trash pull. Such evidence alone–discovered in the trash pull–would have been enough for the issuance of the search warrant." Defendant's Memorandum, p. 14.

Sample also argues that–even assuming there was any material defect in his probable cause affidavit–he would still be entitled to summary judgment on the basis of qualified immunity. Defendant's Reply, p. 5. Qualified immunity protects government officials,

including police officers, from liability for constitutional violations of which a reasonable person would not have been aware at the time of the incident giving rise to the allegation of deprivation of such right. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). In the context of an action under 42 U.S.C. § 1983, such as the present one, a defendant may be found liable for a violation of the plaintiff's constitutional rights only if the right allegedly violated was "clearly established" as a matter of law at the time of the violation. *Catlin v. City of Wheaton*, 574 F.3d 361, 364 (7th Cir. 2009). To overcome qualified immunity, a plaintiff must show that (1) the facts make out a violation of the plaintiff's federal rights, and (2) the right at issue was clearly established at the time of the defendant's alleged misconduct. *Saucier v. Katz,* 533 U.S. 194, 201 (2001). In the present case, Parkey has failed to establish even a fact issue regarding any alleged violation of his Fourth Amendment rights. There is no doubt that if Sample had intentionally and knowingly misrepresented material facts in his probable cause affidavit for the purpose of securing a search warrant, he would *not* be entitled to qualified immunity. It goes without saying that an individual's right to be free from unreasonable search and seizure is a clearly established right of which a reasonable police officer would be well aware. Lying on a probable cause affidavit in order to obtain a search warrant would vitiate any qualified immunity defense. But since the court concludes that there is no evidence that this occurred, the issue of qualified immunity is moot.

Parkey has also lodged a state law libel claim against Sample. Second Amended Complaint, p. 2. Parkey bases this claim on the same facts that underlie his § 1983 claim, to wit: that Sample lied in his probable cause affidavit and wrongfully accused Parkey of being a narcotics dealer. *Id*. However, sustaining a claim of libel would require a finding by this court

that Sample did, in fact, make intentional misrepresentations in his affidavit. (Even then, certain defenses might apply given that the affidavit was submitted by a police officer to a state court in the course of his official employment, but the court need not address these matters now. *See, e.g.*, Defendant's Reply, p. 2 (discussing Indiana statutory preclusion of libel action against police officer)). Obviously, given the court's conclusion that Parkey fails to raise even a genuine issue of fact concerning the alleged falsity of the information in Sample's probable cause affidavit, no claim for libel can survive. In any event, as Sample points out in his reply brief, "Plaintiff has failed to show a material fact precluding summary judgment as to the defamation claim. . . . The Plaintiff makes no response to [defendant's] argument. . . . He cites to no admissible evidence to show a dispute exists as to any of the elements of libel." Defendant's Reply, p. 3. Sample is correct. Parkey fails to so much as mention his libel claim in his response brief, let alone argue that it is valid or present any evidence at all in support of the claim. Finally, Sample also argues that a state law libel claim is a tort action, subject to the requirements of the Indiana Tort Claims Act. Defendant's Memorandum, p. 2. Sample points out that Parkey "failed to file a tort claim notice as required by the [ITCA]. Consequently, the claim is prohibited." *Id*. Sample also argues that "any claim of libel is properly leveled against only the state or its agencies. The ITCA, Ind. Code § 34-13-3-5, bars litigation of tort claims against *individual* state employees acting in the scope of the employee's employment." *Id*., p. 17 (citing *Bushlong v. Williamson*, 790 N.E.2d 467, 472 (Ind. 2003)). Sample even went so far as to submit an affidavit from Michael R. Ward, the Section Chief for the Investigations Section of the Indiana Attorney General's office. Motion for Summary Judgment, Exhibit E. Ward states in his affidavit that he is the "keeper of the records for Investigations Section" and that "[i]f a

notice is filed with a state agency such as the Indiana State Police, that notice is usually sent to our office for further investigation as if our office has received the notice in the first place." *Id*., ¶ 5. Ward also states that he "reviewed the records for any tort claim notice filed by James Parkey for an incident occurring on or about June 6, 2005. My search has revealed an absence of any such notice." *Id*., ¶ 6. Furthermore, Parkey has not presented a copy of any tort claim notice he allegedly served on Sample, the Indiana State Police, the Indiana Attorney General, or any other state office or official. In fact, he does not even claim to have filed such a notice. His claim fails for this reason also.

For all of the reasons discussed above, Parkey's state law libel/defamation claim against Sample fails and Sample is entitled to summary judgment on that claim.

## CONCLUSION

For the reasons set forth in this Opinion and Order, the motion for summary judgment filed by the defendant, Jason Sample, is GRANTED. Since defendant Sample was the last remaining defendant in this case (see footnote 4 above) and summary judgment in Sample's favor is hereby granted on all claims asserted against him, this case is hereby DISMISSED.

Dated: November 4, 2009.

   /s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana